17-0440-cv
J.P., et al. v. City of N.Y. Dep't of Educ.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand seventeen.

PRESENT: GERARD E. LYNCH,
      RAYMOND J. LOHIER, JR.,
           *Circuit Judges*,
      CHRISTINA REISS,
           *Chief District Judge*.*

------------------------------------------------------------------

J.P., ON BEHALF OF THEIR SON, J.P, A
MINOR WITH A DISABILITY,
INDIVIDUALLY, M.P., ON BEHALF OF
THEIR SON, J.P., A MINOR WITH A
DISABILITY, INDIVIDUALLY,

          *Plaintiffs-Appellants*,

        v.              No. 17-0440-cv

CITY OF NEW YORK DEPARTMENT OF

---

* Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

EDUCATION,

*Defendant-Appellee.*

-------------------------------------------------------------------

FOR APPELLANTS: THERESA SCOTTO-LAVINO (Jennifer Frankola, *on the brief*), Lewis Johs Avallone Aviles, LLP, New York, NY.

FOR APPELLEE: DEVIN SLACK (Dona Morris, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellants J.P. and M.P., the parents of J.P., appeal from a grant of summary judgment in favor of the City of New York Department of Education ("DOE") on their claim for tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., in connection with J.P.'s individualized education program ("IEP") for the 2013–2014 school year. In granting summary judgment, the District Court upheld a decision of a State Review Officer ("SRO"), which in turn affirmed the decision of an Impartial Hearing Officer ("IHO"). We assume the parties' familiarity with the facts and

2

record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Mindful that courts lack the "specialized knowledge and educational expertise" of state administrators, we conduct a "circumscribed de novo review of a district court's grant of summary judgment in the IDEA context[,]" seeking only to "independently verify that the administrative record supports the district court's determination that a student's IEP was adequate." M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ., 725 F.3d 131, 138 (2d Cir. 2013).

1.  Substantive Adequacy of the IEP

J.P.'s parents argue that the District Court erred by deferring to the IHO's and SRO's determination that the 2013–2014 IEP was substantively adequate. A substantively adequate IEP is one "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1, 137 S. Ct. 988, 999 (2017). The question is "whether the IEP is reasonable, not whether the court regards it as ideal." Id.; see also M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 224 (2d Cir. 2012). On this question, "substantial deference" is owed to the judgments of state administrators. Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 191 (2d Cir.

2005). In determining that the IEP in this case was substantively adequate, the SRO considered the record as a whole and explicitly referred to materials that J.P.'s parents now suggest were ignored. And contrary to the parents' assertions, the IHO also considered the disparity between J.P.'s preschool IEP and the 2013–2014 IEP. Like the District Court, we conclude that the IHO's and SRO's decisions merit deference because they are well reasoned and supported by the record. See R.E. v. N.Y.C. Dep't of Educ., 694 F.3d 167, 189 (2d Cir. 2012); Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 129 (2d Cir. 1998).

We also reject the parents' contention that the District Court should have considered IEPs prepared for future school years as evidence that the 2013–2014 IEP was substantively inadequate. "The 'reasonably calculated' qualification reflects a recognition that crafting an appropriate program of education requires a prospective judgment by school officials." Endrew F., 137 S. Ct. at 999 (emphasis added). The District Court did not err in concluding that subsequent IEPs had limited probative value in assessing whether, at the time the 2013–2014 IEP was prepared, school officials had a reasonable basis to conclude that the IEP was substantively adequate.

2. Procedural Adequacy of the IEP

J.P.'s parents argue that the 2013–2014 IEP was procedurally deficient in two ways that amounted to a denial of a free appropriate public education ("FAPE"). See 20 U.S.C. § 1415(f)(3)(E)(ii). First, the parents contend that the DOE failed to conduct an adequate functional behavioral assessment ("FBA") or develop an adequate behavioral intervention plan ("BIP"). Although the failure to conduct an FBA or BIP in conformity with New York State regulations is a "serious procedural violation," it "does not rise to the level of a denial of a FAPE if the IEP adequately identifies the problem behavior and prescribes ways to manage it." R.E., 694 F.3d at 190; see also M.W., 725 F.3d at 140. We agree with the IHO and SRO that the 2013–2014 IEP adequately identified J.P.'s problem behaviors, including his inattention and impulsivity, and addressed those behaviors with the provision of a 1:1 paraprofessional and related services. Therefore, even assuming that the DOE failed to fully comply with State regulations, that failure would not automatically deny J.P. a FAPE.

Second, the parents argue that J.P.'s public school placement under the IEP was predetermined, impeding their opportunity to meaningfully participate in the decisionmaking process. Although parents are denied meaningful

5

participation when the school district lacks an "open mind" as to the contents of a child's IEP, T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist., 554 F.3d 247, 253 (2d Cir. 2009), J.P.'s parents have failed to make this showing. The record demonstrates that the CSE heard their objections, considered materials they submitted, and convened a second meeting to address their objections and explain its reasoning, and that J.P.'s parents fully participated in both CSE meetings.

Because J.P.'s IEP was substantively and procedurally adequate, we need not address whether his private placement was appropriate or whether the equitable factors favor reimbursement. Hardison v. Bd. of Educ., 773 F.3d 372, 388 (2d Cir. 2014).

3. Conclusion

We have considered the parents' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6